IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES A. WRAY,

      Plaintiff,

v.                                  CASE NO. 1:19-cv-166-AW-GRJ

CHAD POPPELL, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's First Amended Complaint, ECF No. 5, and Amended Motion for Leave to Proceed *In Forma Pauperis* ("IFP"), ECF No. 6. These filings are ripe for the Court's consideration under 28 U.S.C. § 1915, and for the reasons discussed below, it is **RECOMMENDED** that Plaintiff's amended motion to proceed as a pauper be **DENIED** and the First Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

Plaintiff, an inmate in the custody of the Florida Department of Children and Families at the North Florida Evaluation and Treatment Center ("NFETC") in Gainesville, Fla., initiated this case on August 21, 2019, by filing a handwritten pleading titled "Petition for a Hybrid Ex Parte Prohibitory Quia-Timet Injunction Against Forced Psychotropic Medicating."

ECF No. 1.  The Court construed Plaintiff's filing as a complaint pursuant to 42 U.S.C. § 1983.  Plaintiff further filed a handwritten "Affidavit of Insolvency, Indigency and Authorization to Proceed *In Forma Pauperis*," i.e., a motion to proceed as a pauper under § 1915(a).

On August 27, 2019, the Court ordered Plaintiff to file an amended complaint and to either file an amended motion to proceed *in forma pauperis* on the approved form or pay the requisite $400 filing fee.  ECF No. 4.  The Court also acknowledged that Plaintiff's ability to proceed *in forma pauperis* may be barred under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA") but deferred ruling until Plaintiff submitted an amended motion.  The three-strikes provision prohibits a prisoner from:

> bring[ing] a civil action or appeal[ing] a judgment in a civil action or proceed[ing] [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  In other words, this provision "generally bars a prisoner from proceeding *in forma pauperis* if he has previously filed three or more meritless lawsuits."  *Daker v. Bryson*, No. 17-11418, 2019 WL 3731424, at *1 (11th Cir. Aug. 8, 2019) (unpublished).

2

Plaintiff filed his First Amended Complaint, ECF No. 5, and Amended Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 6, on September 11, 2019.  Plaintiff complied with the Court's August 27, 2019, order to use the approved forms, but these filings present additional issues.

First, Plaintiff's amended IFP motion is deficient.  The PLRA requires a prisoner applying to proceed as a pauper to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[,]" in addition to the required financial affidavit.  § 1915(a)(2).  Notwithstanding the Court's reiteration of this requirement in its August 27, 2019, order, ECF No. 4 at 4, Plaintiff failed to include with his motion a trust fund account statement for his period of incarceration at NFETC, or any other facility, since May 28, 2019.  Moreover, Plaintiff did not submit a Financial Certificate completed by an authorized penal official.  ECF No. 6 at 4.

Second, and more importantly, this Court finds that Plaintiff's ability to proceed *in forma pauperis* is barred under the three-strikes provision because he has had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  Although Plaintiff represented in his First Amended Complaint that he has not previously been the subject of

3

such a dismissal, ECF No. 5 at 4, the Court has determined that Plaintiff,

as of recent, has engaged in vexatious litigation in federal court resulting in

the dismissal of numerous lawsuits: (1) *Wray v. Palamentto*, No. 8:19-cv-

895-SDM-TGH (M.D. Fla. Apr. 30, 2019) (dismissing Plaintiff's complaint

against his court-appointed counsel and psychologist for failure to state a

claim); (2) *Wray v. Chronister,* No. 8:19-cv-543-SDM-AEP (M.D. Fla. Apr.

30, 2019) (dismissing Plaintiff's complaint against the Hillsborough County

Sheriff for failure to state a claim); (3) *Wray v. Chronister*, No. 8:19-cv-865-

WFJ-AEP (M.D. Fla. Apr. 15, 2019) (same); (4) *Wray v. Goldsmith*, No.

8:19-cv-720-CEH-AAS (M.D. Fla. Apr. 8, 2019) (dismissing Plaintiff's

complaint against a court-appointed psychologist for failure to state a

claim); (5) *Wray v. Nash*, No. 8:19-cv-538-EAK-JSS (M.D. Fla. Mar. 6,

2019) (dismissing Plaintiff's complaint against a state court judge in

Hillsborough County based on judicial immunity).  The Court's finding is

consistent with that of at least two district court judges from the Middle

District of Florida, both of whom recently dismissed Plaintiff's complaints in

other cases under the three-strikes provision. *See* No. 8:19-cv-1407-WFJ-

AEP, ECF No. 6 (M.D. Fla. June 13, 2019); No. 8:19-cv-1053-CEH-AAS,

ECF No. 5 (M.D. Fla. May 7, 2019).

Plaintiff is therefore barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding the imminent-danger exception is construed narrowly and available only "for genuine emergencies" where "time is pressing," the threat "is real and proximate," and the prisoner cannot pursue other viable options).

5

Plaintiff alleges that an NFETC administrator petitioned in state court for an order authorizing involuntary medication and a hearing was set on the petition for August 14, 2019.  ECF No. 5 at 6.  Plaintiff claims this violates his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, and he requests this Court enjoin Defendants from administering medication to Plaintiff without his consent.  Plaintiff does not disclose whether the administrator's petition was successful in state court, nor does he argue that any prescribed medication would put Plaintiff in imminent danger of serious physical injury.  As set forth, these allegations fail to meet the exacting exception to the three-strikes provision.

Accordingly, the Court concludes that the three-strikes provision of § 1915(g) bars Plaintiff from bringing this case as a pauper.  A prisoner who is no longer entitled to proceed as a pauper must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff did not pay the filing fee at the time he initiated this suit. This case is therefore due to be dismissed.

It is therefore respectfully **RECOMMENDED** that Plaintiff's Amended Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 6, should be

6

**DENIED** and the First Amended Complaint, ECF No. 5, should be

**DISMISSED WITHOUT PREJUDICE**.

 **IN CHAMBERS** this 8th day of October 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

 **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**